IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                          No. 4:14-cr-114-DPM-15

ADAM LEE McCLUNG
Reg. No. 28787-009                                                 DEFENDANT

### ORDER

**1.** McClung moves for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the risk that the ongoing COVID-19 pandemic presents to his health. McClung submitted a compassionate release request that the Warden denied. *Doc. 954 at 4*. But it's unclear whether McClung has fully exhausted his administrative rights to appeal. 28 C.F.R. §§ 571.63(a)–(d) & 542.15.

**2.** It's unnecessary to get clarity on the exhaustion issues, though, because even if McClung has exhausted his administrative remedies, his motion fails on the merits. McClung is a young man with a history of asthma and pulmonary nodules. His concerns about the virus are therefore valid. During the conspiracy in this case, though, McClung purchased methamphetamine by the pound for resale. He's served almost five years of his seven-year sentence; but that sentence was a two-year downward variance from McClung's advisory Guidelines range. Further, the United States reports that during his time in the Bureau of Prisons, McClung has been disciplined for introducing drugs

or alcohol and expelled from the RDAP program—a program that could have reduced his sentence by a year if completed. *Doc. 958 at 10.* In these circumstances, reducing McClung's sentence by sixteen months would not promote respect for the law, provide just punishment, reflect the seriousness of his offense, or adequately deter McClung and others. All material things considered, the statute's remedy—reducing his sentence to time served—is not appropriate in this case. 18 U.S.C. §§ 3582(c)(1)(A)(i) & 3553(a). His motion, *Doc. 954*, is therefore denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

31 December 2020